UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR RAMIREZ,

        Petitioner,

v.                                        CASE NO. 04-CV-70727-DT
                                        HONORABLE NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Oscar Ramirez has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony (felony firearm).

The sole issue concerns the trial court's comments on "reasonable doubt" during *voir dire*. Petitioner alleges that the trial judge erroneously instructed the jury that the prosecution's burden of proof (beyond a reasonable doubt) is "a little bit higher" than the standard in civil cases (a preponderance of the evidence). Respondent opposes the habeas petition on the ground that Petitioner's claim is procedurally defaulted. Petitioner replies that his claim should not be treated as procedurally defaulted because the misstatements of law were structural errors.

The Court agrees with Respondent that Petitioner's claim is procedurally defaulted and barred from substantive review. The Court's reasons are set forth below.

**I. Background**

On November 4, 1999, a Wayne County Circuit Court jury found Petitioner guilty of two counts of first-degree murder, MICH. COMP. LAWS § 750.316(1)(a), and one count of felony firearm, MICH. COMP. LAWS § 750.227b(1). The convictions arose from the fatal shooting of the mother and aunt of Petitioner's only friend. Petitioner admitted to the police and medical professionals that he shot the women. His defense was that, due to insanity and diminished capacity caused by Tourette's Syndrome, he was unable to control his actions and lacked the necessary state of mind to be found guilty of first-degree murder. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of life imprisonment, without the possibility of parole, for the murders.

On appeal from his convictions, Petitioner challenged the jury instructions on the burden of proof, specific intent, and diminished capacity. He also argued that there was insufficient evidence of premeditation and deliberation to support the first-degree murder convictions. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. Ramirez*, No. 225979 (Mich. Ct. App. July 12, 2002).

Petitioner applied for leave to appeal in the Michigan Supreme Court, raising only the claim about the jury instruction on the burden of proof. On February 28, 2003, the supreme court denied leave to appeal. *See People v. Ramirez*, 468 Mich. 852; 658 N.W.2d 488 (2003) (table).

Petitioner filed his habeas corpus petition through counsel on February 26, 2004.

## II.  Discussion

The sole ground for relief alleges that the trial court deprived Petitioner of due process and a fair trial by erroneously instructing the jury on the prosecution's burden of proof. Specifically, Petitioner alleges that, at least five times, the trial court instructed the jury that "beyond a reasonable doubt" is a little bit higher standard than "by a preponderance of the evidence."  Petitioner argues that these instructions did not inform the jury of the need to reach a subjective state of near certitude on the matter of guilt.  Respondent argues that Petitioner procedurally defaulted his claim by not objecting to the instructions during trial.

### A.  Procedural Default

A procedural default in the habeas context is "a critical failure to comply with state procedural law. . . ."  *Trest v. Cain*, 522 U.S. 87, 89 (1997).  The doctrine of procedural default provides that,

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit set forth a four-part test for determining whether a prisoner's constitutional claim is procedurally defaulted and barred from habeas review.  The Sixth Circuit explained that courts must ascertain whether:  (1) there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) the state courts actually enforced the state procedural rule; (3) the procedural rule is an adequate and independent state ground on which the

state can rely to foreclose review of a federal constitutional claim; and (4) the petitioner has shown cause for not complying with the procedural rule and actual prejudice from the alleged constitutional error. *Id*. at 138.

The procedural rule in question is the State's contemporaneous-objection rule. It requires defendants to preserve constitutional and nonconstitutional issues for appellate review by first objecting in the trial court. *See People v. Carines*, 460 Mich. 750, 761-65; 597 N.W.2d 130, 137-39 (1999); *People v. Grant*, 445 Mich. 535, 546; 520 N.W.2d 123, 128 (1994). The Michigan Supreme Court has specifically stated that an instructional error "should not be considered on appeal unless the issue has been preserved by an objection to the instruction in the trial court." *People v. Handley,* 415 Mich. 356, 360; 329 N.W.2d 710, 712 (1982).

Petitioner concedes that he did not object to the disputed jury instructions at trial. Moreover, the contemporaneous-objection rule was in effect at the time of Petitioner's trial in 1999, and it is enforced in Michigan. *Lancaster v. Adams*, 324 F.3d 423, 437 (6th Cir.), *cert. denied*, 540 U.S. 1004 (2003). The Michigan Court of Appeals enforced the rule in this case by citing *Carines* and stating, "Because defendant did not object to the jury instructions below, we review this matter for plain error affecting defendant's substantive rights."

Plain-error review by a state appellate court constitutes enforcement of the state's contemporaneous-objection rule. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1939 (2005). Furthermore, the Michigan Supreme Court did not set aside the procedural bar and decide Petitioner's claim on the merits. The supreme court merely denied leave to appeal because it was not persuaded that the question should be reviewed..

In summary, Petitioner violated an applicable state procedural rule, and the last state court to issue a reasoned opinion on his claim enforced the rule. The rule was an adequate and independent state ground for denying relief because the rule was in effect at the time of Petitioner's trial, and the last state court to review Petitioner's claim in a reasoned opinion actually relied on the procedural rule to deny relief. Thus, the first three elements of a procedural default have been satisfied. In order for this Court to consider Petitioner's defaulted claim on the merits, Petitioner must establish (1) cause for his default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750.

### B. Cause

Petitioner has not alleged "cause and prejudice." He contends that no objection was necessary because the improper instructions were structural errors and, therefore, harmless-error analysis does not apply. In his opinion, the errors were "so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case." *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986).

The Supreme Court has distinguished between structural errors, which defy analysis by harmless-error standards, and trial errors, which may be assessed in the context of other evidence presented to the factfinder. Most constitutional errors are amenable to harmless-error analysis, *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993) (citing *Arizona v. Fulminate,* 499 U.S. 279, 306-07 (1991)), but a defective jury instruction on reasonable doubt qualifies as a structural error requiring automatic reversal. *Neder v. United States*, 527 U.S. 1, 8 (1999); *Sullivan,* 508 U.S. at 281-82.

To date, the Supreme Court has stated that a procedurally defaulted claim may be excused only where the petitioner establishes "cause and prejudice" or a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750. The Supreme Court has defined "cause" as some external and objective factor that impeded efforts to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of objective impediments to compliance with a procedural rule include: the lack of a factual or legal basis for a claim; some interference by officials; and constitutionally ineffective assistance of counsel. *Id.*

Petitioner has not alleged that he was unable to comply with the State's contemporaneous-objection rule as a result of his claim being unavailable, some interference by officials, or his trial attorney's ineffectiveness. Moreover, at least three federal circuit courts of appeal have rejected the suggestion that federal courts are required to review procedurally defaulted claims when the claimed error was structural in nature. *See Ward v. Hinsley*, 377 F.3d 719 (7th Cir.), *cert. denied*, __ U.S. __, 125 S. Ct. 632 (2004); *Hatcher v. Hopkins*, 256 F.3d 761, 763-64 (8th Cir. 2001); and *Beazley v. Johnson,* 242 F.3d 248, 269-70 (5th Cir. 2001). Even the Supreme Court has intimated that substantive review of a claim concerning a reasonable doubt jury instruction might be preluded by the petitioner's failure to object to the instruction at trial and on direct appeal if the last state court of review did not consider the claim on the merits. *See Victor v. Nebraska*, 511 U.S. 1, 19 (1994).

Petitioner's reliance on *Burton v. Bock*, 320 F. Supp.2d 582 (E.D. Mich. 2004) (Lawson, J.), also is unavailing. In *Burton*, United States District Judge David M. Lawson held that the trial court's preliminary jury instructions on reasonable doubt violated the Constitution. However, it does not appear that Burton's claim was procedurally defaulted. The procedural

6

default in *Burton* occurred when Burton failed to object to a police officer's testimony and alleged prosecutorial misconduct. *See id*. at 587-90. It appears that Judge Lawson made an error when he wrote in his discussion of those claims that Burton's claim about the jury instructions was procedurally defaulted. *See id*. at 589-90. The jury instructions were not being discussed at that point in the opinion, and in Judge Lawson's subsequent discussion about the jury instruction on reasonable doubt, there is no mention of a procedural default.

Nor does it appear that Burton actually defaulted his claim about the jury instructions. The state appellate court's short discussion of Burton's claim about the jury instructions does not mention a state procedural error and does not state that the court of appeals was reviewing Burton's claim for "plain error" due to the lack of a contemporaneous objection at trial. *See id*. at 594.

This Court concludes that *Burton* is distinguishable and that the alleged structural error does not excuse Petitioner's failure to object to the trial court's explanations of "reasonable doubt" during *voir dire*. Thus, Petitioner has failed to show "cause" for his procedural default.

### C.  Prejudice

The Court need not determine if Petitioner was prejudiced by the alleged violation of federal law because he has not established "cause." *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Simpson v. Jones,* 238 F.3d 399, 409 (6th Cir. 2000). Nor does it appear that Petitioner could establish prejudice. The trial court charged the jury at the conclusion of the trial that --

> Every crime is made up of parts called elements. The prosecutor must prove each element of the crime beyond a reasonable doubt. The defendant is not required to prove his innocence or to do anything. If you find that the prosecutor has not proven every element beyond a reasonable doubt, then you must find the defendant not guilty.

> A reasonable doubt is a fair, honest doubt growing out of the evidence or lack of evidence.  It is not merely a speculative, imaginary or possible doubt but it is a doubt which is based upon reason and common sense.  A reasonable doubt is just that, a doubt that is reasonable after a careful and considered examination of the facts and circumstances of this case.

(Tr. Nov. 4, 1999, at 9-10.)

Petitioner has not objected to this instruction, and the United States Court of Appeals for the Sixth Circuit has found this definition of reasonable doubt to be constitutional.  *See Binder v. Stegall*, 198 F.3d 177 (6th Cir. 1999).  As the Michigan Court of Appeals pointed out, the jury instructions at the conclusion of the case likely alleviated any confusion caused by the trial court's earlier comments.

### D.  Miscarriage of Justice

A petitioner may overcome a procedural default in the absence of  "cause and prejudice" upon a showing of actual innocence.  *Lott v. Coyle*, 261 F.3d 594, 620 (6th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), and *Herrera v. Collins*, 506 U.S. 390, 417 (1993)).  In other words, the miscarriage-of-justice exception applies in the extraordinary case where the habeas petitioner demonstrates that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense.  *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Carrier*, 477 U.S. at 496.

"To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id*.

at 327.

Petitioner does not claim to be actually innocent of the crimes for which he was convicted, and he has not submitted any new and credible evidence of actual innocence. Furthermore, the evidence at trial established that –

> [Petitioner] took a loaded gun with him to the decedents' home, he concealed the gun from decedents while they talked, he waited until the first victim was walking past him and then shot her in the back of the head, and he told at least one examining doctor that he killed the second victim because she could identify him.

*Ramirez*, Mich. Ct. App. No. 225979, at 3. A miscarriage of justice will not occur as a result of this Court's failure to adjudicate the substantive merits of Petitioner's claim.

### III. Conclusion

Petitioner's sole ground for relief is procedurally defaulted. Therefore, the application for a writ of habeas corpus [Doc. #1, Feb. 26, 2004] is DENIED.

The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or that reasonable jurists would find it debatable whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id*.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: July 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2005, by electronic and/or ordinary mail.

                                    s/Carol A. Hemeyer
                                    Case Manager